IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT LEBHAR : <br> 9206 TOWN GATE LANE : <br> BETHESDA, MD 20817 : <br> : <br> JEFF SHRINSKY : <br> 8520 MILLDAM COURT : <br> ELLICOTT CITY, MD 21403 : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> DC RADIO ASSETS, LLC : <br> 3280 PEACHTREE ROAD, N.W. : <br> SUITE 2200 : <br> ATLANTA, GA 30305 : <br> : <br> Serve: CT Corporation System : <br> 1015 15th Street, N.W. : <br> Suite 1000 : <br> Washington, DC 20005 : <br> : <br> CUMULUS MEDIA : <br> 3280 PEACHTREE ROAD, N.W. : <br> SUITE 2200 : <br> ATLANTA, GA 30305 : <br> : <br> Serve: CT Corporation System : <br> 1015 15th Street, N.W. : <br> Suite 1000 : <br> Washington, DC 20005 : <br> : <br> Defendants. : | Civil Action No. |

## **COMPLAINT**

COME NOW, Plaintiffs, Scott Lebhar and Jeff Shrinsky, by and through their undersigned counsel, hereby sue DC Radio Assets, LLC and Cumulus Media for age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C.§621, et. seq., and the DC Human Rights Act, D.C. Code Ann. §2-1401, Et. Seq. and hereby state as follows:

## PARTIES

1. Plaintiff, Scott Lebhar, is an adult resident of the State of Maryland

2. Plaintiff, Jeff Shrinsky, is an adult resident of the State of Maryland.

3. Defendant, DC Radio Assets LLC, is a Delaware Limited Liability Company transacting business at 4400 Jenifer Street, N.W., Washington, D.C.

4. Defendant, Cumulus Media, is a Delaware corporation with its principal place of business in the State of Georgia and currently conducting business in the District of Columbia.

5. Defendant DC Radio Assets is a wholly owned subsidiary of Defendant Cumulus Media.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for claims arising under federal law, i.e. 29 U.S.C. § 621 et seq.

7. Further, Plaintiffs invoke this Court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship, and this matter exceeds the sum or value of $75,000.

8. At all times relevant to this case, Defendants have been employers and have engaged in an industry affecting commerce, have employed fifteen or more employees, and otherwise have been employers, within the meaning of 29 U.S.C. § 630(b).

9. Venue is proper in this Court since the facts giving rise to this case took place in the District of Columbia.

## FACTS OF THE CASE

10. Both Plaintiffs Lebhar and Shrinsky were employed by Defendant Radio Assets, LLC, and Defendant Cumulus Media ("DEFENDANTS") as Advertising Account Executives,

both are over the age of 40 and both were given termination notice at the same time, allegedly the result of downsizing.

11. Plaintiff Scott Lebhar had been an employee of Defendants since November 7, 2016 and had been serving in the role of Account Executive, selling advertising.

12. Plaintiff Jeff Shrinsky had been an employee of Defendants since March 22, 2015 and had been serving in the role of Account Executive, selling advertising.

13. Both Plaintiff Mr. Lebhar and Plaintiff Jeff Shrinsky were paid a base draw plus a commission based on their sales while employed by Defendants.

14. Both Plaintiff Scott Lebhar and Plaintiff Jeff Shrinsky have more than 30 years of sports related advertising sales.

15. As of February 2019, Defendants employed ten Account Executives including Plaintiffs Scott Lebhar and Jeff Shrinsky.

16. On or about February 1, 2019, Defendants notified Plaintiffs Lebhar and Shrinsky and two other Account Executives that the radio station for whom they worked was to be sold in May 2019 and that they would be terminated upon that sale.

17. All four of the Account Executives Defendants notified of the upcoming termination, including Mr. Lebhar and Mr. Shrinsky, were well over the age of 40.

18. Mr. Lebhar was 60 years of age when he was notified in February 2019 of his impending discharge, which was to take place in May 2019 with the sale of the radio station.

19. Mr. Shrinsky was 53 years of age when he was notified in February 2019 of his impending discharge, which was to take place in May 2019 with the sale of the radio station.

20. The two other Account Executives who were notified of the upcoming termination were also well over 40: Linda, 48 years of age and Jean Eury, 62 years of age.

21. Plaintiff Shinsky and the other Account Executives were terminated in May 2019 with the sale of the radio station.

22. All of the six employees retained by Defendants were substantially younger than Plaintiffs Shrinsky.

23. Moreover, after Defendants notified Mr. Lebhar, Mr. Shrinsky, and their colleagues that they would be terminated in May 2019, Defendants notified each of them that if new Account Executive positions became available either before the sale or shortly thereafter, Mr. Lebhar, Mr. Shrinsky, and the other terminated Account Executives would be given priority consideration to be rehired.

24. As of July 1, 2019, Defendants announced it was changing the format of the radio station to ESPN Radio, a purely sports related format, information Defendants knew in February 2019 when it notified Mr. Lebhar, Mr. Shrinsky and others of their upcoming termination.

25. In fact, as of July 2019, Defendants did not notify Mr. Lebhar or Mr. Shrinsky of the new Account Executive position for which they were hiring, and did not rehire any of the terminated employees.

26. Instead Defendants elevated Samantha Albert, age 23, who had been a Sales Assistant, to a newly available Account Executive position.

27. Samantha Albert, Defendants' new hire for the position of Account Executive which was the same position previously held by Plaintiffs, was 23 years of age and substantially younger than Mr. Lebhar, at age 60, and Mr. Shrinsky, at age 53.

28. On or about March 2019, soon after Defendants informed Mr. Lebhar, Mr. Shrinsky and others of their impending termination, Mr. Lebhar began seeking alternative employment to ensure he would have gainful employment at the time of his expected termination.

29. Mr. Lebhar was fortunate to find other employment, although at a lower compensation, after Defendants gave him and other Account Executives notice of impending termination.

30. On or about March 30, 2019, due to his impending termination, Mr Lebhar gave notice to Defendants and began new employment shortly thereafter.

31. But for being told of his upcoming termination, Mr. Lebhar would not have sought or accepted new employment.

32. Mr. Lebhar did not resign but rather was constructively discharged by Defendants when notified of his impending termination.

33. Defendants committed unlawful age discrimination against Plaintiffs Lebhar and Shrinsky when they gave notice of termination, and did in fact, terminate Plaintiffs, who were well over the age of 40, but retained employees substantially younger than Plaintiffs.

34. Defendants further engaged in age discrimination against Plaintiffs when they hired a substantially younger employee for the position of Account Executive, the same position held by Plaintiffs before they were unlawfully terminated.

35. On or about March 26, 2019, Plaintiff Lebhar filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 570-2019-1570C, alleging discrimination based on age.

36. On or about July 22, 2019, the EEOC issued a Right to Sue Letter giving Plaintiff Lebhar 90 days to file suit in this matter.

37. On or about March 26, 2019, Plaintiff Shrinsky filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 570-2019-02584, alleging discrimination based on age.

38. On or about August 26, 2019, the EEOC issued a Right to Sue Letter giving Plaintiff Shrinsky 90 days to file suit in this matter.

39. Plaintiffs Lebhar and Shrinsky have suffered and continue to suffer harm and damages as a result of Defendants' unlawful age discrimination.

## COUNT I
## VIOLATION OF DC HUMAN RIGHTS ACT, D.C. CODE ANN. §2-1401, ET. SEQ.

40. Plaintiffs adopt and incorporate by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

41. Pursuant to the DC Human Rights Act, it is unlawful for an employer to discriminate against an employee on the basis of age.

42. Plaintiffs Lebhar and Shrinsky were terminated on the basis of age in violation of the DC Human Rights Act.

43. Based upon the facts incorporated herein, Defendants unlawfully discriminated against Plaintiffs Lebhar and Shrinsky on the basis of age when Defendants unlawfully favored substantially younger employees, who held the same position as Plaintiffs, to retain upon the sale of the radio station.

44. Defendants additionally discriminated against Plaintiffs Lebhar and Shrinsky on the basis of age when they chose to hire a substantially younger employee in July 2019, after the sale of the radio station, instead of offering that position to either Lebhar or Shrinsky, as Defendants stated they would do.

45. Plaintiffs have suffered and continue to suffer harm and damages as a direct and proximate result of Defendants' unlawful actions.

## COUNT II
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

**29 U.S.C. §621, et seq.**

46. Plaintiffs adopt and incorporate by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

47. This action is brought pursuant to the Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 621, et. seq., for discrimination on the basis of age.

48. The aforesaid discriminatory treatment by Defendants toward Plaintiffs caused tangible harm to Plaintiffs in that they affected the terms, conditions and privileges of their employment.

49. Other similarly situated employees not of Plaintiffs' age group were not subject to the same conditions of employment as Plaintiffs.

50. A causal connection exists between Defendants' actions in terminating and not rehiring Plaintiffs and Plaintiffs' ages.

51. Defendants' aforementioned conduct and illegal action toward Plaintiffs reflect directly on a discriminatory attitude toward Plaintiffs based on age.

52. Defendants' actions constituted a violation of the Age Discrimination In Employment Act of 1967, as amended, 29 U.S.C. § 621, et. seq.

53. In addition to the above, Plaintiffs also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, loss of income and other damages.

54. Defendants' conduct was malicious, willful, and intentional.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants:

      A.      For Plaintiff Scott Lebhar, on Count I (Violation of the DC Human Rights Act), economic damages in the amount of $50,000, Compensatory Damages in the Amount of $300,000 and Punitive Damages in the amount of $300,000;

      B.      For Plaintiff Scott Lebhar, on Count II (Violation of The Age Discrimination In Employment Act of 1967), economic damages in the amount of $50,000, Compensatory Damages in the Amount of $300,000 and Punitive Damages in the amount of $300,000;

      C.      For Plaintiff Jeff Shrinsky on Count I (Violation of the DC Human Rights Act), economic damages in the amount of $50,000, Compensatory Damages in the Amount of $300,000 and Punitive Damages in the amount of $300,000;

      D.      For Plaintiff Jeff Shrinsky on Count II (Violation of The Age Discrimination In Employment Act of 1967), economic damages in the amount of $50,000, Compensatory Damages in the Amount of $300,000 and Punitive Damages in the amount of $300,000;

      E.      Award Plaintiffs all of their fees and costs associated with this matter, including their attorneys' fee; and

      F.      Such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

## **JURY TRIAL**

Plaintiff requests that all matters in this case be tried by a jury.

Dated:  September 24, 2019              Respectfully Submitted,

/s/Neil S. Hyman_____
Neil S. Hyman, Esquire
DC Bar No. 465047
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
301-841-7105 (p)
neil@neilhymanlaw.com
*Counsel for Plaintiffs*